OPINION
Appellant Teia Pepper appeals the decision of the Licking County Court of Common Pleas, Juvenile Division, that granted permanent custody of her three children to the Licking County Department of Human Services ("Agency"). The following facts give rise to this appeal. On May 26, 1998, the Agency sought an ex parte emergency removal order of Peter, Michael and Tomika Nethers from their father's residence. The juvenile court conducted a shelter care hearing the following day and granted temporary custody to the Agency. The juvenile court conducted an adjudicatory hearing on July 24, 1998. At the conclusion of this hearing, the magistrate found all three children to be dependent and following a dispositional hearing ordered the children into the temporary custody of the Agency. The magistrate also ordered appellant and the children's father, Peter Nethers, Sr., to comply with the case plan and made orders regarding visitation and child support. These orders were journalized by a judgment entry filed August 3, 1998. At the direction of the juvenile court judge, the magistrate filed a supplemental decision on October 8, 1998. Appellant filed objections to the magistrate's decision on October 19, 1998. The juvenile court judge overruled appellant's objections on November 19, 1998. Thereafter, on February 25, 1999, the Agency filed a motion for permanent custody citing a lack of progress towards reunification by both parents. The magistrate conducted a hearing on the motion on May 12, 1999. At the conclusion of the hearing, the magistrate took the matter under advisement. On June 1, 1999, the magistrate issued a decision granting the Agency's motion. Appellant filed objections to the magistrate's decision on July 29, 1999. The juvenile court overruled appellant's objections on August 4, 1999. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration.
 I. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY OF THE CHILDREN TO THE LICKING COUNTY DEPARTMENT OF HUMAN SERVICES BECAUSE APPELLEE FAILED TO MEET ITS BURDEN OF CLEAR AND CONVINCING EVIDENCE THAT THE GRANT OF PERMANENT CUSTODY IS IN THE BEST INTEREST OF THE CHILDREN AND THAT THE CHILDREN CANNOT BE PLACED WITH EITHER PARENT WITHIN A REASONABLE TIME.
 II. THE TRIAL COURT ERRED BY RENDERING ITS DECISION WITHOUT ADHERING TO THE REQUIREMENTS OF R.C. 2151.41.4(C).
 I
In her First Assignment of Error, appellant contends the trial court erred when it granted the Agency's motion for permanent custody because the Agency failed to establish that the grant of permanent custody was in the best interests of the children and that the children cannot be placed with either parent within a reasonable time. We disagree. Appellant's argument, in this assignment of error, concerns the manifest weight of the evidence as it pertains to the children's best interests and whether the children can be placed with either parent within a reasonable time. As an appellate court, we do not weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Thus, a judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279, syllabus. It is based on this standard that we review this assignment of error. R.C. 2151.35.3 addresses the disposition of abused, neglected or dependent children and provides, in pertinent part:
 (A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
 * * * (4) Commit the child to the permanent custody of a public children services agency or private child placing agency, if the court determines in accordance with division (E) of section 2151.41.4 * * * of the Revised Code that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of section 2151.41.4 * * * of the Revised Code that the permanent commitment is in the best interest of the child. * * *
In determining the best interest of the child, R.C. 2151.41.4(D) mandates that the juvenile court consider all relevant factors including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of a public children services agency or private child placing agency under one or more separate orders of disposition issued under section 2151.35.3 or 2151.451 of the Revised Code for twelve or more months of a consecutive twenty-two month period ending on or after the effective date of this amendment;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in divisions (E)(7) to (12) of this section apply in relation to the parents and child.
Although appellant assigns as error that the granting of permanent custody was not in the best interests of the children and that the children could be placed with either parent within a reasonable time, appellant only addresses the best interest issue. Appellant specifically maintains that the trial court's decision to grant permanent custody to the Agency is not in the best interests of the children because of the bond that exists between appellant and her children. The magistrate found in his decision that "[t]here appears to be a bond between mother and the children and the children are happy to see her when she visits. The children are also bonded with the foster parents and acclimated into their home to the extent that they are not asking for more contact and interaction with the birth parents." Magistrate's Decision, June 1, 1999, at 4. In reading the magistrate's decision, it is clear that this in the only positive factor the magistrate found concerning appellant's relationship with her children. The guardian ad litem, in her report, does not indicate that the children expressed a desire to live with appellant. However, she does note that the oldest child stated he could take care of appellant and make sure she made it to her appointments and to work. Report Guardian Ad Litem, May 12, 1999, at 2. The magistrate also found that appellant has not had custody of her children for five years. Magistrate's Decision, June 1, 1999, at 3. Specifically, the magistrate stated:
 "Ms. Pepper has no realistic concept of the boys (sic) behavioral concerns or of Tomika's special needs resulting from her cerebral palsy. When asked what type of care Tomika required, Ms. Pepper responded only . . . `a lot.'" Id.
Further, the children had been in the temporary custody of the Agency for more than twelve months when the magistrate issued his decision granting the Agency's motion. The record also supports the magistrate's conclusion that the children need a legally secure permanent placement and that placement cannot be achieved without a grant of permanent custody to the Agency. The magistrate found that appellant has been unable to maintain steady employment. Id. at 3. Appellant also lacks appropriate housing. She lives with her boyfriend and his aunt and uncle who are alcoholics and have made it clear that the children are not welcomed at their residence. Id. Appellant also does not have any driving privileges. Id. Further, appellant admitted that she currently was incapable of caring for her children but hopefully she could do so in the near future. Id. Finally, in considering the factors contained in R.C. 2151.41.4(E)(7) through (12), the record supports a finding under section (9) that appellant is unwilling to provide food, clothing and shelter and other basic necessities for the children. We find the record contains competent, credible evidence that supports the magistrate's decision to break the bond between appellant and her children and grant the Agency's motion for permanent custody. The state presented overwhelming evidence that appellant failed to comply with her case plan. Appellant's First Assignment of Error is overruled.
 II
In her Second Assignment of Error, appellant maintains the juvenile court erred when it rendered its decision without complying with R.C. 2151.41.4(C). We disagree. The statute at issue provides, in pertinent part, as follows:
 (C) * * * A written report of the guardian ad litem of the child shall be submitted to the court prior to or at the time of the hearing held pursuant to division (A) of this section or section 2151.35 of the Revised Code but shall not be submitted under oath.
Appellant contends the report of the guardian ad litem was not submitted, in the case sub judice, until several hours after completion of the hearing. As a result of the guardian's failure to comply with the above statute, appellant contends she was deprived an opportunity to develop the fact that both boys expressed a desire to live with her. Our review of the record indicates the guardian ad litem indeed did not file her report prior to or at the time of the hearing in this matter. However, appellant did not object on the record. Further, the record does establish that the guardian ad litem made a statement, to the juvenile court, regarding her recommendation and the reasons supporting her recommendation. Tr. Hrng., May 12, 1999, at 134-137. The guardian ad litem began her statement by indicating that she "* * * prepared a written report, * * *, that is going to be filed with the Court today which basically outlines my position, * * *." Id. at 135. The record further indicates the guardian ad litem did file her report on May 12, 1999. Finally, the juvenile court did not make its decision to grant the Agency's motion for permanent custody until after it had an opportunity to review the report. Thus, we conclude that appellant cannot establish that she was prejudiced by the guardian ad litem's failure to comply with R.C. 2151.41.4(C). Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is hereby affirmed.
HOFFMAN, P.J. and FARMER, J. CONCUR.